IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

           Plaintiff,

                                 ORDER

   v.

                                07-cr-062-jcs-1

JEFFREY T. BREDEN,

           Defendant.
_____

     Petition for revocation of defendant's supervised release came on to be heard before the Court in the above entitled matter on December 14, 2007, the government having appeared by Erik C. Peterson, United States Attorney for the Western District of Wisconsin, by Meredith Duchemin, Assistant United States Attorney; the defendant in person and by Erika Bierma.  Honorable John C. Shabaz, District Judge, presided.

     From the record the Court makes the following findings of fact.

     Defendant was sentenced on December 18, 1992 in the United States District Court for the Eastern District of Wisconsin following his conviction for possession of a firearm by a felon, a Class A felony, in violation of 18 U.S.C. § 922(g)(1) and 924(l). Defendant was sentenced to a term of imprisonment of 192 months and a five-year term of supervised release to follow.  He began his term of supervised release on October 14, 2006.  Jurisdiction was

transferred from the Eastern District of Wisconsin to the Western District of Wisconsin on April 17, 2007.

Defendant stipulates that he violated his Mandatory Condition of supervised release which prohibits him from committing another federal, state or local crime as evidenced by his conviction on November 19, 2007 for disorderly conduct, a Class B misdemeanor and for obstructing an officer, a Class A misdemeanor (Rock County, Wisconsin Circuit Court Case No. 2007CM2923).

Defendant's conduct falls into the category of Grade C violations as defined by §7B1.1(a)(1)(B) of the sentencing guidelines policy statement for violations of supervised release. Defendant's criminal history category is VI.  Grade C violations paired with a Criminal History Category VI result in a sentencing guideline range of 8 to 14 months imprisonment.  The statutory maximum sentence the Court could impose is 60 months imprisonment because defendant's original conviction was for a Class A felony. Pursuant to §7B1.3(a)(2) upon a finding of Grade C violations the Court may (A) revoke supervised release, or (B) extend the term of supervised release and/or modify the conditions of supervised release.

Defendant's violation requires revocation.  After reviewing the non-binding policy statements in Chapter 7 of the Sentencing Guidelines, the Court has selected the maximum guideline sentence. The intent of this sentence is to protect the community and provide

an opportunity for defendant to abstain from use of alcohol and provide him with that training which may be available.

ORDER

IT IS ORDERED that the period of supervised release entered on December 18, 1992 is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of imprisonment of 14 months. Defendant will serve a three-year period of supervised release following imprisonment. All of the previous special conditions of supervised release will remain in effect.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

Entered this 14th day of December, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge