IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

       v.                                          07-CR-62-S-01

JEFFREY TODD BREDEN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Jeffrey Todd Breden's supervised release was held on September 17, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Meredith P. Duchemin. Defendant was present in person and by counsel, Erika L. Bierma. Also present was United States Probation Officer Michael J. Nolan.

From the record and defendant's stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Eastern District of Wisconsin on December 18, 1992, following his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(1). This offense is a Class A felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 192 months, with a 60-month term of supervised release to follow.

On October 14, 2006, defendant began his initial term of supervised release. On April 17, 2007, jurisdiction was transferred to the Western District of Wisconsin. On December 14, 2007, defendant's supervised release was revoked on the basis of new convictions for disorderly conduct and obstructing an officer and he was sentenced to 14 months' imprisonment with three years' supervised release to follow.

On November 14, 2008, defendant began his second term of supervised release.

On June 15, 2009, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime, when he operated a motor vehicle while intoxicated, resulting in his conviction in Winnebago County, Illinois, Circuit Court (Case No. 2009DT826). On June 15, 2009, defendant also violated Standard Condition No. 1 prohibiting him from leaving the judicial district without permission of the court or the probation officer, when he traveled to South Beloit, Illinois, without permission.

Defendant's conduct falls into the category of a Grade C violation. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on December 14, 2007, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment of 8 to 14

months.  Pursuant to 18 U.S.C. § 3583(e)(3), if defendant's term of supervised release is revoked, he could face a statutory maximum term of imprisonment of 46 months' custody, because his original conviction was for a Class A felony, and his previous revocation sentence was 14 months in custody.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence within the guideline range.  This sentence will serve to promote respect for the law, and protect the community from further criminal behavior by defendant.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 14, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of fourteen months with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 17th day of September 2009.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  Chief District Judge